United States District Court
Southern District of Texas
**ENTERED**
December 22, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent/Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-16-2988 |
| | § | (CRIMINAL NO. H-92-177-05) |
| PATRICIA LEBARON, | § | |
| NO. 60090-079, | § | |
| | § | |
| Petitioner/Defendant. | § | |

### AMENDED MEMORANDUM OPINION AND ORDER

Defendant, Patricia LeBaron, has filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody ("§ 2255 Motion") (Docket Entry No. 718) and a Motion for Minor Role Adjustment and Sentence Reduction Based on United States v. Quintero-Leyva and Pursuant to Amendment 794 and 28 U.S.C. § 2255 ("Motion") (Docket Entry No. 719).[1] The United States has filed a Motion to Dismiss and Response to LeBaron's § 2255 Motion ("Motion to Dismiss") (Docket Entry No. 724).

On January 21, 1993, a jury found petitioner guilty of tampering with a witness in violation of 18 U.S.C. §§ 371 and 1512(a)(1)(C); use of a firearm during commission of crime of violence in violation of 18 U.S.C. § 924(c)(1); obstructing the

---

[1]All docket entry references are to Criminal No. H-92-177.

free exercise of another's religious beliefs in violation of 18 U.S.C. § 2, 247, and 371; and violating RICO, 18 U.S.C. §§ 1962(c) and (d). (Verdict, Docket Entry No. 201) On May 26, 1993, petitioner was sentenced to four life sentences to run concurrently with two twenty-year and two five-year sentences. In addition, she was sentenced to consecutively serve a single five-year term. All of these federal sentences were to run concurrently with the undischarged portion of the sentence to be served pursuant to petitioner's Arizona conviction for auto theft. (Judgment in a Criminal Case, Docket Entry No. 255) On December 20, 1994, the United States Court of Appeals for the Fifth Circuit affirmed petitioner's conviction. United States v. Barlow, 41 F.3d 935 (5th Cir. 1994), cert. denied, ___ S. Ct. ____, 1995 WL 79156 (March 20, 1995). On September 29, 2016, LeBaron signed her § 2255 Motion.

28 U.S.C. § 2255(f)(1) imposes a one-year limitations period from the date on which the judgment of conviction becomes final. LeBaron's one-year limitations period expired on March 21, 1996. LeBaron argues that she should nevertheless be resentenced because she is eligible for a sentence reduction pursuant to Amendment 794 of the United States Sentencing Guidelines. She argues that her § 2255 Motion is not time barred because Amendment 794 only became effective on November 1, 2015. (§ 2255 Motion, Docket Entry No. 718, p. 10)

The court concludes that petitioner's § 2255 Motion is time-barred. Amendments to the Sentencing Guidelines do not apply

retroactively unless the United States Sentencing Commission determines that the amendment is to apply retroactively. See United States Sentencing Guidelines §§ 1B1.10(a)(2)(A) and (d). Because Amendment 794 is not listed in § 1B1.10(d), the amendment does not apply retroactively and, therefore, provides LeBaron no basis for relief. For the same reason Amendment 794 provides no exception to the one-year limitation period for filing a § 2255 motion.

Moreover, even if Amendment 794 applied retroactively, LeBaron has not shown that she would be entitled to a mitigating-role reduction in her advisory guideline range under Amendment 794's revisions to the commentary of § 3B1.2 of the Sentencing Guidelines. To show that she is entitled to such a reduction LeBaron must show "by a preponderance of the evidence: (1) the culpability of the average participant in the criminal activity; and (2) that she was substantially less culpable than that participant." United States v. Castro, No. 15-11059, p. 8 (5th Cir. Dec. 12, 2016). LeBaron's Motion merely alleges that she is "not as culpable as the other participants in the criminal activity." (Motion, Docket Entry No. 719, p. 4) LeBaron provides no factual support for this argument and no explanation how the new commentary to § 3B1.2 applies to the facts of her case. The Presentence Investigation Report (Docket Entry No. 239) explains in detail her involvement in planning and carrying out the murders

(e.g., ¶¶ 70-72, 83, 85-87, 89-90, 92, 103-106), and concealing the crimes (e.g., ¶¶ 94-95). The court concludes that all of the participants in these crimes were responsible for planning and carrying out the murders of four innocent victims. Under the new commentary to § 3B1.2 Patricia LeBaron is not substantially less culpable than the average participant in these crimes.

Accordingly, the United States' Motion to Dismiss (Docket Entry No. 724) is **GRANTED**, LeBaron's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody (Docket Entry No. 718) is **DENIED**, and this action will be dismissed with prejudice.

**SIGNED** at Houston, Texas, on this 22nd day of December, 2016.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE