IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

UNITED STATES OF AMERICA

v.                                                                    No. H-92-0177-05

PATRICIA LEBARON

## UNOPPPOSED MOTION TO REDACT

Defendant Patricia LeBaron requests that the Court permit redaction of specific information described below that exceeds the redaction required under Fed. R. Crim. P. 49.1(a).  Ms. LeBaron intends to file her motion with exhibits attached.  The following exhibits contain material that should be redacted because application of the "stricter balancing test" required under the Fifth Circuit's precedent, applied on a "'document-by-document,' 'line-by-line' balancing of the public's common law right of access against the interests favoring nondisclosure" favors redaction of these very limited portions of the identified documents. *See June Medical Services, L.L.C. v. Phillips*, 22 F.4th 512, 521 (5th Cir. 2022) (internal citations omitted). For the reasons stated below, there is good cause for permitting redaction of the requested information in accordance with Fed. R. Crim. P. 49.1(e)(1).

1. <u>Letter of Jennifer LeBaron</u>.

On the first and third pages of the letter, Ms. LeBaron describes specific acts of sexual abuse committed against her when she was a minor. Courts have recognized that there is a legitimate interest in protecting the disclosure of details of sexual abuse committed against minors, particularly if the description of such abuse provides details of the events. *See Jaufre ex rel. Jaufre v. Taylor*, 351 F.Supp.2d 514, 518 (E.D. La. 2005). Courts have also recognized a legitimate privacy interest to be protected by redaction when the information relates to a non-party and the details of the non-party's information is not the basis on which the party to the litigation relies in seeking relief. *See United States v. Kravetz*, 706 F.3d 47, 62 (1st Cir. 2013) (describing third-party privacy interests as "a venerable common law exception to the presumption of access" to judicial records and permitting district court to limit access to portions of the letters which contain matters of a highly personal nature (such as incidents of domestic violence) which "have no direct bearing upon the public's assessment of the sentences imposed."); *see also Carter v. Southwest Airlines Co.*, No. 3:17-cv-02278-X, 2022 WL 283025 (N.D. Tex. Jan. 31, 2022) (permitting redaction of non-party information). Courts have also allowed redaction of disputed or uncharged allegations of misconduct involving third parties, in order to ensure that court records are not "used to gratify private spite or promote public scandal." *United States v. King*, No. 10 cr.

2

122(JGK), 2012 WL 2196674, at *3 (S.D.N.Y. June 15, 2012) (citing *United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995)).

The limited redaction sought here would prevent public disclosure only of the details of the alleged sexual abuse, but the limited redaction does not prevent the public from having access to Ms. LeBaron's identity or the general nature of the allegations made. Patricia LeBaron does not rely on those specific allegations in her request for relief.

2. RIS (Reduction in Sentence) Request.

We seek redaction on the first "To" line of the name and email address of the Bureau of Prisons employee who forwarded this request. The identity and contact information of that employee has no relevance to the matters in this motion.

In the body of the request, Ms. LeBaron seeks to redact detailed information about medical conditions, in particular, the names of the particular illnesses she suffers and the specific treatments she is receiving. Although Ms. LeBaron identified these medical reasons as justifying her release, the Motion to be submitted by her counsel does not rely on these medical conditions. *See Kravetz*, 706 F.3d at 63 (stating that medical information may be redacted appropriately

3

when such information is not "likely to form the basis of a plea or grant of leniency.")

Ms. LeBaron identified where she would be living upon release.  In addition to redaction of the home address, we seek to redact the email and personal telephone number of the family member in whose home she would be living.  This personal contact information is private information of a non-party individual, the specific information is similar to the home address in the degree in which it permits identification, location and communication with such non-party, and the information is not essential to the reasons given for granting the motion. Courts have granted similar motions to redact telephone numbers and email addresses. *See United States v. Brown*, No. 3:22-CR-00033-BJB-CHL-1, 2022 WL 1274411, at *2 (W.D. Ky. Apr. 28, 2022) (collecting cases); *United States v. Gordon*, No. 1:19-cr-00007-JAW, 2019 WL 6112838, at *4 (D. Maine Nov. 18, 2019) (permitting redaction of email addresses because "this type of information, although not strictly within the scope of Rule 49.1, falls within the spirit of the Rule.")

3.  <u>Expert report</u>.

Page 1: Redaction of home telephone number of expert. Alternative means of contacting the expert are available on her curriculum vitae, which is also an exhibit to the Motion.

Page 4, 6, 23: Ms. LeBaron speculated on circumstances surrounding her child's death. This speculation should be redacted because it is of a highly personal nature. *See Kravetz*, 706 F.3d at 62. This is also an uncharged allegation of misconduct involving a third party, which should be redacted to ensure that court records are not "used to gratify private spite or promote public scandal." *See King*, 2012 WL 2196674 at *3.

Page 6: Ms. LeBaron's physical history contains medical diagnoses and medications which are not the basis of her request for relief in this motion. *See United States v. Schneider*, No. 6:22-cr-185-CEM-RMN, 2023 WL 2837527, at *1 (M.D. Fla. Apr. 7, 2023) (granting sealing of medical information, finding privacy interest in sensitive personal data outweighed public right of access when such information was cited minimally in defendant's motion).

Page 10-12: Ms. LeBaron asks to redact the specific results of the psychological tests administered to her. While her psychological state is relevant to the relief she seeks, the specific levels of attributes or experiences tested are not relevant to the extent that she seeks relief based on recent scientific understanding as it reflects on her cognition and brain functioning thirty years ago. Some courts have permitted sealing of forensic psychological reports. *See, e.g.*, *Glisson v. Hooks*, No. 1:19-cv-00096-MOC, 2019 WL 2366470, at *3 (W.D. N.C. June 4, 2019) (permitting sealing of entire report submitted in habeas proceedings). Ms.

LeBaron does not seek that drastic remedy, but instead seeks only to redact specific test scoring and results, which are not cited in her motion in support of her arguments for relief. The limited redaction here is consistent with the decisions of other courts permitting very limited redaction for matters that are not directly related to the opinions rendered in the report. *See United States v. Sattar*, 471 F.Supp.2d 380, 388 (S.D.N.Y. 2006) (permitting redaction of "highly personal family matters" in psychological report and additional matters "not directly related to the opinions" of the examiner, finding the privacy interests sufficiently compelling to overcome the presumption of public access).

    4. <u>Individualized Needs Plan – Program Review</u>.

Ms. LeBaron seeks redaction of the personal phone number of her sister, identified in her contact information.  The personal phone number is similar to the home address in giving immediate access to the private communications of an

individual.  That individual is a non-party whose personal telephone number plays

no role in Ms. LeBaron's motion.

Respectfully submitted,

MARJORIE A. MEYERS
Federal Public Defender
Southern District of Texas No. 3233
Texas State Bar No. 14003750

By s/ Michael Herman
MICHAEL HERMAN
First Assistant Federal Public Defender
Texas State Bar No. 24015128
Southern District of Texas No. 25087
Attorneys for Defendant
440 Louisiana, Suite 1350
Houston, Texas  77002-1056
Telephone:  713.718.4600
Fax:  713.718.4610

## **CERTIFICATE OF CONFERENCE**

I, Michael Herman, certify that Assistant United States Attorney Richard Hanes, on May 11, 2023, advised that the government is unopposed to Ms. LeBaron's motion to redact.

/s/ Michael Herman
MICHAEL HERMAN

## **CERTIFICATE OF SERVICE**

I certify that on May 11, 2023, a copy of the foregoing Motion to Redact was served by Notification of Electronic Filing and, together with a copy of the sealed exhibits, by e-mail to Assistant United States Attorney Richard Hanes.

/s/ Michael Herman
MICHAEL HERMAN